UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | CR. No. 2:25-cr-20203-SHL |
| KEITH FINCHER, ) | |
| Defendant. ) | |

# PLEA AGREEMENT

Comes now the parties herein, the Defendant, Keith Fincher, being represented by counsel, Presita West, and the United States, being represented by Clinton Crosier, Special Assistant United States Attorney for the Western District of Tennessee, and hereby agree as follows:

1. Count 1 of the Indictment charges felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The penalty for Count 1 is not more than fifteen (15) years imprisonment, a fine of not more than $250,000, not more than a three (3) year period of supervised release, and a mandatory special assessment of $100.

2. The Defendant is pleading guilty to Count 1 because he is in fact guilty of the offense and has entered into this agreement freely, knowingly, voluntarily, and upon the advice of counsel.

3. The Defendant will pay the $100.00 special assessment prior to sentencing.

4. Any statement made in the course of the plea colloquy may be used against him in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

1

5. Pursuant to this agreement, the Government agrees to recommend

    a. That the Defendant receive a full reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, as long as the Defendant commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment. However, the Defendant understands that whether or not acceptance of responsibility is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility is not a basis for the Defendant to withdraw his guilty plea or to appeal his sentence.

    a. That the Defendant be sentenced to the low-end of the applicable guideline range as found by the court at sentencing. However, the Defendant understands that sentencing is a matter to be determined by the district court. Failure of the district court to follow the low-end sentence recommendation is not a basis for the Defendant to withdraw his guilty plea or to appeal his sentence.

    b. That Counts 2-5 of the Indictment be dismissed at sentencing.

**BREACH OF PLEA AGREEMENT BY THE DEFENDANT**

6. Should it be judged by the Government that the Defendant has committed or attempted to commit any additional crimes, engaged in any conduct constituting, obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1, failed to make any court appearances in this case, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or attempted to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release

the Defendant from this plea of guilty.

## WAIVER OF APPEAL AND 2255 ACTIONS

7.  The Defendant hereby waives his right to appeal the conviction or the sentence, including all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant shall be released from the above waiver of appellate rights. The Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with the United States, to request that the district court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

8.  The Defendant also knowingly and voluntarily waives his right to challenge the conviction, or the sentence imposed by the Court pursuant to 28 U.S.C. § 2255. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

9.  By signing this agreement, the Defendant affirms that he is satisfied with his lawyer's counsel and representation and understands that this writing constitutes the entire plea agreement between the parties. No additional promises, representations, or

inducements, other than those referenced in this plea agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

_____
Clinton Crosier
Special Assistant United States Attorney

11/25/25
Date

_____
Presita West
Counsel for Defendant

11/25/25
Date

_____
Keith Fincher
Defendant

11-25/25
Date

4